# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **AHMAD ABDUL-KHAALIQ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-00042 |
| | ) | REEVES/POPLIN |
| **SGT RYAN and CHAPLAIN PUGH,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Ahmad Abdul-Khaaliq ("Plaintiff") initiated this action when he filed a complaint on November 21, 2016, alleging constitutional violations pursuant to 28 U.S.C. § 1983 along with an application for leave to proceed *in forma pauperis* ("IFP") [Docs. 1, 3].

This Court entered an order in this case, granting Plaintiff's IFP Motion and allowing Plaintiff's Free Exercise, Equal Protection, and RLUIPA claims to proceed against Defendants Ryan and Pugh [Doc. 8]. The Court further ordered Plaintiff to "immediately inform the Court and Defendants or their counsel of record of any address changes in writing" pursuant to Local Rule 83.13 [*Id*. at 2]. Plaintiff was forewarned that failure to promptly notify the Clerk and other parties to the proceeding within fourteen days of any changes in his address, to monitor the progress of the case, and to prosecute or defend the action diligently "may result in the dismissal of this action" [*Id*.].

On October 18, 2018, this Court granted Defendant Pugh's request for an extension of time [Doc. 32]. The Order was mailed to Plaintiff at the address listed on his Complaint. However, on November 8, 2018, the mail sent by this Court was returned as "Undeliverable" along with the

written notation "Paroled" [Doc. 33]. On December 19, 2018, this Court ordered Plaintiff to show cause in writing, within fourteen days, explaining why his case should not be dismissed with prejudice for failure to prosecute and/or failure to follow the orders of this Court [Doc. 34]. Plaintiff was again put on notice that failure to comply with the terms of the Court's order will result in dismissal of his case [*Id*.]. Plaintiff has not filed any other response to the Court's order and the deadline to do so has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the last two attempts made by this Court to contact Plaintiff regarding his case have been unsuccessful. Whether willful or negligent, Plaintiff has failed to update his address and/or monitor this action as required by Local Rule 83.13.

Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently.  *See* E.D. Tenn. L.R. 83.13.  Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since this case is in the early stages of litigation and Defendants have not yet been prejudiced by Plaintiff's inactions.  Although, Defendants may have been inconvenienced by Plaintiff's inactions, they have not been prejudiced beyond filing an answer to the complaint and having to wait for the case to progress.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure [Doc. 8 p. 10; Doc. 34 p. 2].

Finally, the Court finds that alternative sanctions would not be effective.  Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine.  There seems little purpose allowing alternative sanctions where Petitioner has apparently abandoned his case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).  For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**